IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANNON CAVANAUGH and BRAD CAVANAUGH,<br><br>Plaintiffs,<br>v.<br><br>WOODS CROSS CITY, a Utah municipal corp.; DANIEL DAVIS, an individual,,<br>Defendants. | ORDER AND MEMORANDUM DECISION DENYING PLAINTIFFS' MOTION TO COMPEL<br><br>Case No. 1:08-cv-32 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiffs' Motion to Compel.[1] "Plaintiffs move to compel Defendant Woods Cross to provide the original audio/video recording taken at the scene on the night in issue."[2] Allegedly, the quality of the copy already produced to Plaintiffs over two years ago is "so poor that it is difficult or impossible to understand the conversations recorded."[3] Plaintiffs want the original, so they can send it to an out-of-state audio technologist, "who will separate the tracks so that the conversations can be understood over the background noises as a trial exhibit."[4] Plaintiffs further request that this matter be expedited because trial is scheduled for the week of April 11, 2011. As outlined below, the court is not persuaded that Defendants should produce the original audio/video recording to Plaintiffs after discovery closed over a year ago. Plaintiffs' motion, therefore, is DENIED.

---

[1] Docket no. 135.

[2] Mtn. p. 1.

[3] *Id.*

[4] *Id.*

BACKGROUND

This case arises from an incident in December of 2006 involving Defendant Officer Daniel Davis and Plaintiff Shannon Cavanaugh. Officer Davis used a Taser on Ms. Cavanaugh after responding to a call for a domestic fight which involved Plaintiffs. Plaintiff and her husband, Brad Cavanaugh, claim that Ms. Cavanaugh's Fourth Amendment rights were violated and that Officer Davis' actions violated Utah's Constitution and were also tortious under Utah law.[5]

Pursuant to an official discovery request made in September 2008, Defendants produced a copy of Officer Jaclyn Moore's dash-cam video taken at the scene of the incident at issue. This recording "contains conversations between Defendant Davis's and the medical personnel and other officers regarding the events immediately after he tasered Shannon Cavanaugh."[6] On January 11, 2011, via email, Plaintiffs requested that Defendants produce the original copy of the recording from the scene "so that Plaintiffs can create a trial exhibit in which the conversations recorded can be understood."[7] Plaintiffs assert the quality of the copy already produced is "so poor that it is difficult or impossible to understand the conversations recorded."[8] Plaintiffs want to send the original to an out-of-state audio technologist who "will separate or isolate the audio tracks."[9] According to Plaintiffs, by doing this, the conversations will be much more readily understandable above background noises. The original will not be damaged and it will be returned to Defendants following the analysis.

---

[5] In 2009, Judge Campbell found that summary judgment was precluded on Plaintiffs' Fourth Amendment claim and intentional tort claims. Judge Campbell, however, granted Defendants summary judgment as to all other state law claims. *See* Order and Memorandum Decision granting summary judgment in part, dated December 14, 2009, docket no. 122.

[6] Reply p. 1.

[7] Mem. in Supp. p. 1.

[8] *Id.*

[9] *Id.* at p. 2.

The parties exchanged communications regarding Plaintiffs' request to obtain the original recording so that it can be sent to the audio technologist.[10] After failing to agree, Plaintiffs filed the instant motion that is now before the court.

DISCUSSION

In support of their motion Plaintiffs cite to Federal Rule 34(b)(1)(C), (A)(2). Plaintiffs assert that the "Rules of Civil Procedure permit the requesting party to specify the 'form or forms in which electronically stored information is to be produced' and to 'inspect, measure, survey, photograph, test or sample' the evidence."[11] Plaintiffs further argue that Rule 1002 of the Federal Rules of Evidence require that the original be produced. In their reply, Plaintiffs rely upon Rule 26(e) wherein a party "'must supplement or correct its disclosure or response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect….'"[12]

In opposition, Defendants argue 1) that Federal Rule 34(b)(1)(C), (A)(2) is inapplicable; 2) the request for the recording is untimely and improper; and 3) "even though Plaintiffs' request is procedurally flawed and untimely, Defendants are willing to work with Plaintiffs so they will not be prejudiced."[13]

Rule 34 provides that a party may request discovery within the scope of Rule 26(b) and that the requesting party may specify the "form or forms in which electronically stored information is to be produced."[14] The Rule further provides that a party may enter "onto designated land or other property possessed or controlled by the responding party, so that the

---

[10] *See* exhibits attached to the parties' memoranda.

[11] Mem. in Supp. p. 4 (quoting Fed. R. Civ. P. 34).

[12] Reply p. 2 (quoting Fed. R. Civ. P. 26(e)).

[13] Op. p. 5.

[14] Fed. R. Civ. P. 34(b)(1)(C) (2010) (all citations to the Federal Rules are to the 2010 revised edition).

requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."[15]

The court is not persuaded by Plaintiffs' arguments that Rule 34, under the circumstances of this case, permits it to send the original VHS tape of Officer Moore's dash-cam video to an out-of-state audio technologist. Plaintiffs do not want to "inspect, measure, survey, photograph, test, or sample" the evidence. Instead, they would like to send it to another party located out of state. Further, Rule 34 is a discovery rule and discovery in this case concluded more than a year ago. Plaintiffs have had a copy of the recording for over two years, yet, now on the eve of trial, they suddenly assert that the copy is too poor to use. "Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed."[16]

The court is also not persuaded that Rule 1002 of the Federal Rules of Evidence requires Defendants to produce the original recording so that it can be sent out of state. As of the date of this decision, Plaintiffs have yet to provide the name, qualifications, or any further details about the out-of-state audio technologist that is going to separate or isolate the audio tracks. The court is left to guess as to the procedure the out-of-state audio technologist will follow. And, there are no assurances provided by Plaintiffs that such a procedure would not damage the original recording.

Additionally, the court finds Plaintiffs' suggested solution to the issue before the court is burdensome and impractical. Defendants assert that the "original VHS contains numerous other incidents that are irrelevant and should not be produced."[17] In response, Plaintiffs suggest that

---

[15] Fed. R. Civ. P. 34(a)(2).

[16] *Gavenda v. Orleans County*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997); *Buckley v. Keebler Co.*, 153 F.3d 726, 1998 WL 314566 (10th Cir.) (affirming decision of the district court denying a motion to compel because it was untimely).

[17] Op. p. 8.

Defendants copy the original VHS tape in its entirety and then delete all the other calls on the original. Defendants are then to give Plaintiffs the original tape that will be free from other incidents. The Federal Rules do not support the destruction of original data, which may be responsive in another future case, just so that Plaintiffs in this case may have the original recording of the incident at issue.

Finally, Rule 26(e) provides that a party "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[18] Here, Defendants provided a copy of the recording over two years ago, but now, they have been informed that the quality of that recording has degraded. Contrary to Plaintiffs' arguments, this does not automatically mean that Defendants "are required to provide the original to Plaintiffs."[19] Why, Plaintiffs waited until the eve of trial, and after the close of discovery, to inform Defendants about the problems with the recording is troubling to the court. But, in an effort to prevent Plaintiffs from being unduly prejudiced, the court is persuaded that Defendants' suggested solution should be followed. Plaintiffs may first view the original to compare the quality of the original to their copy. Defendants may then make an additional copy of the original and provide it to Plaintiffs. If they wish, Plaintiffs can then send the new copy of the recording to their out-of-state audio technologist.

ORDER

As set forth above, Plaintiffs' Motion to Compel is untimely and the court finds there is no merit to having Defendants provide the original recording to Plaintiffs so that it can be sent out of state to an unknown audio technologist. Plaintiffs' Motion to Compel is, therefore, DENIED.

---

[18] Fed. R. Cir. P. 26(e)(1)(A).

[19] Reply p. 3.

DATED this 22 February 2011.

_____
Brooke C. Wells
United States Magistrate Judge